**Jose Luis GONZALEZ–GONZALEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71873.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

Raul M. Montes, Esq., Montes & Montes, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Jennifer A. Parker, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Luis Gonzalez–Gonzalez, a native and citizen of Mexico who was a minor at the time of his removal hearing before an Immigration Judge ("IJ"), petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the IJ's order denying him cancellation of removal for lack of a qualifying relative. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo constitutional challenges, *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002), as well as challenges to the determination that an alien is statutorily ineligible for cancellation of removal, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144–45 (9th Cir. 2002). We grant the petition for review, and remand for further proceedings consistent with this disposition.

▮ We lack jurisdiction to consider petitioner's contention that the government should have initiated suspension of deportation proceedings when he offered himself for surrender in 1995. *See Jimenez–Angeles*, 291 F.3d at 599. Moreover, petitioner's contention that he should have been eligible to apply for suspension of deportation, rather than cancellation of removal, because he presented himself to the government before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act, is also foreclosed by *Jimenez–Angeles*, 291 F.3d at 600.

Petitioner's contention that the BIA's decision "without opinion" violates due process, is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

▮ The IJ erred, however, in concluding that Petitioner lacked a qualifying relative to apply for cancellation of removal. The IJ's simultaneous order granting cancellation of removal to Petitioner's parents

rendered them "qualifying relatives" through whom Petitioner was eligible for cancellation relief. *See* 8 U.S.C. § 1229b(b)(3) (stating that the date alien adjusts status to lawful permanent resident is the date cancellation of removal order is issued); *Jimenez–Angeles*, 291 F.3d at 597 (a United States citizen or lawful permanent resident parent, child, or spouse is a qualifying relative for cancellation of removal purposes).

Neither the IJ nor the BIA considered whether Petitioner's qualifying relatives would suffer the requisite hardship upon his removal to Mexico. We therefore remand to the BIA for proceedings consistent with this memorandum. *See INS v. Ventura*, 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, No. 03–70477 and further order of this Court.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.